[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13482
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00058-MW-CAS-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORMAN CURTIS WITHERSPOON,

Defendant - Appellant.


_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(October 14, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Orman Curtis Witherspoon and four others were caught engaging in a

massive conspiracy to file fraudulent tax returns using the personal identifying

information of alive and deceased individuals.  In a multi-count indictment, all were charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and with theft of government funds and aiding and abetting, in violation of 18 U.S.C. § 641.  Witherspoon pled guilty to the conspiracy and theft charges, and the District Court, varying downward from the Guidelines sentence range of 77 to 96 months' imprisonment, sentenced him to concurrent prison terms of 72 months.  Witherspoon appeals, contending that the District Court erred in applying the Guidelines in three ways: (1) it failed to reduce his offense level for playing a minimal or minor role in the conspiracy; (2) it held him responsible for the entire amount of loss resulting from the fraudulent conduct because he was not aware of the entire amount of loss nor could have he reasonably known about it; and (3) it increased his offense level by two levels due to the production of fraudulent debit cards because he personally did not produce the fraudulent debit cards that were manufactured and used during the course of the conspiracy.  We affirm.

In considering whether the District Court erred in applying the Sentencing Guidelines, we accept the Court's findings of fact unless they constitute clear error, and we review its interpretation of the Guidelines and applications of the Guidelines to the facts de novo.  *United States v. Barrington*, 648 F.3d 1178,

2

1194–95 (11th Cir. 2011). With these standards in hand, we address Witherspoon's arguments.

## I.

Witherspoon contends that the District Court committed clear error in refusing to reduce the offense level to reflect that he played a minimal or minor role in the conspiracy. The Guidelines define a minimal participant as a defendant who is plainly among the least culpable of those involved in the conduct of the group, while a minor participant is described as a defendant who is less culpable than most other participants, but whose role could not be described as minimal.[1] U.S.S.G. § 3B1.2, cmt. n.4, 5. To determine whether the defendant qualifies for a reduction of his offense level based on his status as a minimal or minor participant in the conspiracy, the district court must first compare the defendant's role in the offense to that for which he was held accountable at sentencing and then may compare the defendant's conduct to that of the other participants involved in the offense. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). The defendant must prove his minimal or minor role by a preponderance of the evidence. *Id.*

---

[1] Sections 3B1.2(a) and (b) of the Sentencing Guidelines state that if a defendant was a minimal participant in the crime, his offense level should be decreased by four points. U.S.S.G. § 3B1.2(a), (b). If he was a minor participant, his offense level should be decreased by two. *Id.*

We find no clear error in the District Court's denial of a §3B1.2 offense-level reduction. Although the evidence before the Court showed that it was Witherspoon's wife who devised the fraudulent scheme, the evidence also revealed that Witherspoon himself assisted in the filing of the fraudulent tax returns, placed into his personal bank account money obtained from the fraudulent returns, paid co-conspirators from that bank account, and was in possession of fraudulent debit cards associated with the names of the alive and deceased individuals used on the fraudulent tax returns. He is not plainly among the least culpable in the entire group, because his actions were similar to the actions of the other co-conspirators. Indeed, the scheme in which Witherspoon participated could not have occurred without his filing of numerous fraudulent returns. Further, Witherspoon was not a minor actor, either, as he was not less culpable than most of his co-conspirators. He made no showing that he was situated differently than any of his co-conspirators other than his wife. Accordingly, the District Court did not err in refusing to reduce Witherspoon's offense points based on a mitigating role in the fraudulent scheme.

## II.

Witherspoon argues next that the District Court erred in its loss determination by attributing to him loss caused solely by the acts of his co-conspirators. Under the Guidelines, a defendant is held responsible for the loss

4

that he knew or "under the circumstances, reasonably should have known was a potential result of the offense." U.S.S.G. § 2B1.1, cmt. n.3(A)(iii). Additionally, a defendant may be held responsible for the reasonably foreseeable acts of his co-conspirators in furtherance of the conspiracy. *United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014).

The evidence showed that Witherspoon was aware of the entire scope of the conspiracy because he lived in the home where a majority of the fraudulent tax returns were filed online and where the scheme was discussed by the conspirators in his presence, the personal identifying information of the victims was found in his home, he was married to the leader in the conspiracy, and other conspirators were his family members by marriage. The District Court did not clearly err in attributing loss to Witherspoon for what were obviously reasonably foreseeable acts of his co-conspirators, as Witherspoon was present in his home when much of the scheme was conceived by the conspirators. *See Baldwin*, 774 F.3d at 727-728 (holding that the district court did not clearly err in holding two defendants accountable for loss caused by their co-conspirators when the defendants agreed to participate fully in the entire fraudulent returns scheme and one defendant lived at the address where many of the fraudulent returns had been made and the other defendant submitted fraudulent returns from his address, had family members who were co-conspirators, and received profits from the scheme).

5

III.

Finally, Witherspoon claims that the District Court erred in giving him a two-level offense enhancement for the production of fraudulent debit cards because he contends he did not produce the debit cards at issue.  During the course of the conspiracy, debit cards were opened using the personal information of the victims in the fraudulent return scheme.  The Guidelines provide for a two-level increase of the offense level for the "production or trafficking" of any "unauthorized access device or counterfeit access device."[2]  U.S.S.G. § 2B1.1(b)(11)(B)(i).  "Production" includes "manufacture, design, alteration, authentication, duplication, or assembly."  *Id.* § 2B.1.1 cmt. n.10(A).

The undisputed facts set forth in the presentence investigation report and at sentencing show that Witherspoon received deposits from the fraudulent returns in his account, paid co-conspirators either directly from that account or by transferring the money to co-conspirators, and had fraudulent debit cards found in his home, in his bedroom, and one in his wallet.  He may be held accountable for the reasonably foreseeable acts of his co-conspirators in furtherance of the jointly undertaken criminal activity.  *See Baldwin*, 774 F.3d at 730.  The production and use of the cards were reasonably foreseeable to Witherspoon:  during the course of

---

[2] Witherspoon does not challenge that debit cards were used, or the classification of debit cards as "unauthorized access devices" under the Guidelines.  He only disputes that he produced them.

the scheme, he transferred money to other co-conspirators and possessed the debit cards in his home and wallet.  Therefore, the Court could hold him accountable for his co-conspirators' production of unauthorized access devices.

AFFIRMED.